UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

IN RE: COMPLAINT AND PETITION OF KEVIN EICKMEYER, as owner of the vessel 2014 Bennington Marine, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
Kevin M. Mulvaney (P76915)
Matthew J. High (P82783)
17197 N. Laurel Park Drive, Suite 201
Livonia, Michigan 48152
313.327.3100 p | 313.327.3101 f
kevin.mulvaney@wilsonelser.com
matthew.high@wilsonelser.com
*Attorneys for Petitioner*

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Venue is proper under Supplemental Admiralty Rule F(9) because the events giving rise to this action took place in navigable waters near Saginaw Bay near Boaters Beach, and the Vessel's hailing port is in Bay City, Michigan.

3. Petitioner, Kevin Eickmeyer, is a resident of the City of Bay City, County of Bay, State of Michigan, and as the owner of the Vessel, is a party entitled to petition for exoneration from or limitation of liability within the meaning of the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512 (2006) and Supplemental Admiralty Rule F(9).

4. At the time of the incident, the Vessel, 2014 Bennington Marine (HIN ETW97177K314) is a 25ft pontoon.

5. On June 26, 2022, Kevin Eickmeyer, Denise Eickmeyer (boat driver), Donna Wallschlager, Tim Wallschlager, and Kaitlyn Kellog, and Cathy Wallschlager were present on the Vessel, and traveling towards the Kawkawlin River near Saginaw Bay. While underway to the island, Tim advised that he had to pee and Kevin explained there was a porta-potty on the boat but Tim declined to use it. Kevin then advised Tim to just pee off of the back of the boat but Tim refused, and decided to jump in the water instead. Tim begin swimming at first, however, he begin to drown after about ten minutes. Donna jumped in the water to look for Tim, and struggled after a few minutes. She was later rescued but Tim died due to drowning.

6. Any and all injuries and damages allegedly resulting from the incident were not caused by or attributable to any fault, design, neglect or want of due care on the part of Petitioner, or anyone for whom Petitioner may be responsible.

7. Any and all damages, injuries and losses were occasioned and incurred accidentally and/or as a result of other causes warranting complete exoneration of Petitioner from liability.

8. On information and belief, the Vessel's current value is $18,000.

9. Petitioner will cause to be filed a Letter of Undertaking in the total sum of $18,000 and Petitioner is also prepared, in respect to security or appraisal, to act in accordance with the provisions of Rule F(1) and (7), when and if the Court should so warrant.

10. Upon information and belief, the damages which may in the future be asserted by Claimant(s), if any, and/or others might or will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

11. Petitioner denies any and all liability for any loss, damage or injury which may be claimed by any person or entity arising out of the Incident and therefore demands exoneration from liability.

12. In the alternative, Petitioner claims the benefit of limitation of liability as provided for in the Limitation of Liability Act, 46 U.S.C. § 30505.

## PRAYER

WHEREFORE, Petitioner prays:

a) That the Court enter an Order directing the issuance of a Monition to all persons claiming alleged damages for any and all losses, damage, or injury occasioned or incurred as a result of the Incident, or occurring during the voyage upon which the Vessel was engaged, citing them to appear before this Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to law, or thereafter be barred from making or otherwise pursuing any such claims against Petitioner, its agents, representatives, crew members or any person on whose behalf Petitioner may be liable or against the Vessel.

b) That the Court issue an Order further directing that pursuant to Rule F an injunction shall issue restraining the further prosecution of any and all suits, actions, and proceedings which may have already begun to recover for alleged damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner, its members, agents, representatives, crew members, or any other person in respect to any claim or claims arising out of the Incident.

280400163v.1

c) That the Court enter an Order approving Petitioner's proposed Letter of Undertaking, and that the Court order such increases and decreases in such security as the Court may from time to time deem proper.

d) That if deemed necessary by the Court or at the reasonable request of any claimant, the Court cause due appraisement to be made of the value of the Vessel at the time of the Incident.

e) That the Court order Petitioner to file an Amended Stipulation of Value with surety pending any demand for future appraisal of the value of the Vessel.

f) That the Court adjudge:

   i. That Petitioner, its agents, representatives, and the Vessel are not liable to any extent for any loss, damage or injury for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, they are entitled to exoneration from any and all liability which has been claimed against them as a result of the Incident in question, or

   ii. If Petitioner shall be adjudged liable and the claims are affirmatively proven, then such liability for all claims shall be limited to the amount of the value of Petitioner's interest in the Vessel after the Incident, and that the money paid or secured be

5

divided *pro rata* among such claimants as they may duly prove their claims before the Court according to the Limitation of Liability Act and Supplemental Rule F in accordance with the priorities to which they may legally be entitled, and that a decree be entered discharging Petitioner and the Vessel from all further liability.

g) That Petitioner may have such other and further relief as this Court may deem just and proper at law and in equity.

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP

By: /s/ *Matthew J. High*
Kevin Mulvaney (P76915)
Matthew J. High (P82783)
17197 N. Laurel Park Drive, Ste 201
Livonia, Michigan 48152
313.327.3100

Dated: March 1, 2023

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by USDC Western District E-Filing on March 1, 2023.

By: /s/ Dacia J. Bowers
  **DACIA J. BOWERS**